# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**FEDERAL DEPOSIT INSURANCE CORPORATION,** as receiver for Doral Bank

    **Plaintiff,**

    v.

**JOSE ERIZARDO SERRANO-QUINTERO, et al.,**

    **Defendants.**

Civil No. 15-1940 (ADC)

## OPINION & ORDER

Plaintiff Federal Deposit Insurance Corporation, in its capacity as receiver for Doral Bank ("FDIC-R"), has moved the Court to dismiss the counterclaims brought by defendant José Erizardo Serrano-Quintero, Lourdes Marie Del Valle-Álvarez, and their Conjugal Partnership (collectively, "defendants").[1] **ECF No. 9**. Defendants have not filed an opposition to FDIC-R's motion to dismiss, thereby waiving any objection to them. *See* L. Civ. R. 7(b). For the reasons explained below, FDIC-R's motion to dismiss, **ECF No. 9**, is **GRANTED**.

---

[1] The United States is also a named defendant. However, it is a party neither to defendants' counterclaims, nor to this Opinion and Order. According to the original complaint filed in the Court of First Instance of San Juan, the United States was notified of the initial mortgage-foreclosure action as required by 26 USC § 7425, 28 U.S.C. § 2410, and P.R. Laws Ann. tit. 30, § 2001, *et seq*. *See* **ECF No. 7-2** at 1-4. In the local forum, the United States answered the complaint and alleged that the Federal Housing Department ("HUD") has a mortgage of inferior rank to the one subject of this foreclosure action. *Id*. at 12. Thus, it requested that the Court recognize its right to recover any amount that remains if the mortgaged property is sold in execution of judgment. *Id*.

I. **Background.**

On, August 15, 2013, Doral Bank filed this mortgage-foreclosure action against defendants in the Court of First Instance of Puerto Rico, San Juan Part. **ECF No. 7-2** at 1-4. Defendants answered the complaint and filed a counterclaim against Doral Bank, alleging that defendants suffered an involuntary loss or reduction of employment and income, and that Doral Bank failed to comply with its fiduciary duty by breaching federal and Puerto Rico laws on loss-mitigation procedures for mortgage loans. *See* **ECF No. 7-2** at 29-31. Thus, they requested compensation for the damages they allegedly suffered because of Doral Bank's actions. *Id.* at 31-32.

On February 27, 2015, while this action was still pending, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Doral Bank and appointed the FDIC-R as receiver. **ECF No. 1**. As receiver, the FDIC-R assumed all of Doral Bank's rights, titles, and interests in the assets. 12 U.S.C. § 1821(d).

After taking over as receiver, on March 6, April 6, and May 5, 2015, the FDIC-R published a notice to all Doral Bank customers in two local newspapers. The notice informed them of the receivership and advised them that the time to submit any administrative claims for recovery against the FDIC-R for the acts of Doral Bank would expire on June 4, 2015. The FDIC mailed individual notices to defendants, as well as a Proof of Claim Form. **ECF Nos. 9-2** at 2; **ECF No. 9-3** (notice of discovered claimant to present proof of claim).

On June 2, 2015, defendants filed an administrative claim against the FDIC-R. **ECF No. 9-2** at 2. On June 16, 2015, the FDIC-R removed this action to federal court under 12 U.S.C. §

1819(b)(2)(B). **ECF No. 1**. On October 21, 2015, the FDIC-R issued a Notice of Disallowance of Claim, which it sent to defendants by certified mail. **ECF No. 9-2** at 3.

On September 20, 2016, the FDIC-R moved the Court to dismiss defendants' counterclaim with prejudice for lack of subject matter jurisdiction. **ECF No. 9**; Fed. R. Civ. P. 12(b)(1). The FDIC-R argues that the current action must be dismissed because plaintiffs failed to exhaust administrative remedies as required by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821(d)(13)(D). **ECF No. 9**.

## II.     Legal Standard.

Federal courts are courts of limited jurisdiction, and the party asserting jurisdiction has the burden of demonstrating its existence. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). "Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004).

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of federal subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). In assessing a motion to dismiss, a district court "must construe the complaint liberally, treating all well pleaded facts as true and drawing all reasonable inferences in favor of the Petitioners." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998) (citing *Royal v. Leading Edge Prods., Inc.*, 833 F.2d 1 (1st Cir. 1987)). If the motion to dismiss is for lack of subject matter jurisdiction, the court may look

beyond the complaint and consider extrinsic materials when ruling on the motion. *Dynamic Image Technologies, Inc. v. United States*, 221 F.3d 34, 37 (1st Cir. 2000).

**III.    Discussion**

"FIRREA gives the FDIC authority to act as receiver or conservator for failed institutions." *Acosta-Ramírez*, 712 F.3d at 18 (citation omitted). When the FDIC acts as a receiver or conservator, it succeeds the insured depository institution in all of its rights, titles, powers, privileges and assets. 12 U.S.C. § 1821(d)(2)(A)(i). FIRREA also establishes a mandatory statutory claims process, "designed to create an efficient administrative protocol for processing claims against failed banks." *Acosta-Ramírez*, 712 F.3d at 19. The administrative claims process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that all claims be submitted to the FDIC by a date established by the receiver. *Rodríguez v. F.D.I.C.*, No. 10-1656, 2011 WL 4529929, at *3 (D.P.R. Sept. 27, 2011). Exhaustion of this administrative process is mandatory, and a plaintiff's failure to comply with its terms deprives a court of subject matter jurisdiction. *Acosta-Ramírez*, 712 F.3d at 19.

> The statutory claims regime has three steps, and each has a specific deadline:
>
> FIRREA's statutory claims process requires the FDIC, upon appointment as receiver, to publish notice that the failed institution's creditors must file claims with the FDIC by a specified date, which must be at least ninety days after publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(i). If a claim is filed, the FDIC has 180 days to determine whether to approve or disallow the claim. *Id.* § 1821(d)(5)(A)(i). Claimants then have sixty days from the date of disallowance or from the expiration of the 180–day administrative decision deadline to seek judicial review in an appropriate federal district court (or to seek administrative review). *Id.* § 1821(d)(6)(A).

*Acosta-Ramírez*, 712 F.3d at 19.

Here, defendants received notice that the FDIC-R was appointed as receiver of Doral Bank. On June 2, 2015, they filed an administrative claim against the FDIC-R. The FDIC-R disallowed defendants' claim and notified them of the disallowance by a letter dated October 21, 2015, which it sent by certified mail. Once the defendants received notification of the disallowance, they had 60 days to seek judicial or administrative review. *See Acosta-Ramírez*, 712 F.3d at 19; 12 U.S.C. § 1821(d)(6). However, defendants neither sought review of the disallowance, nor pursued their claims against the FDIC-R. Thus, defendants have failed to comply with the administrative procedure established in 12 U.S.C. § 1821, and the Court lacks subject matter jurisdiction to consider defendants' claims against the FDIC-R. *See* 12 U.S.C. 1821(d)(13)(D); *F.D.I.C. v. Estrada-Colón*, 848 F. Supp. 2d 206, 213 (D.P.R. 2012); *F.D.I.C.. v. Estrada-Rivera*, 813 F. Supp. 2d 265, 270 (D.P.R. 2011), *aff'd on other grounds, F.D.I.C. v. Estrada-Rivera*, 722 F.3d 50 (1st Cir. 2013).

## III.    Conclusion.

In light of the above, the FDIC-R's motion to dismiss the complaint, **ECF No. 9**, is **GRANTED**. The case is hereby **DISMISSED WITH PREJUDICE**. Clerk of the Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 12th day of June, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**